IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CHONDA DUNN, LORI DUNN, and VALERIE KNIGHT, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | No. 5:11-CV-489 (CAR) |
| T. GUIDRY, individually and in his official capacity as a Police Officer for the City of Macon Police Department; CITY OF MACON, GA, a municipal corporation of the State of Georgia; and MIKE BURNS, individually and in his official capacity as Chief of Police of the City of Macon Police Department; | : : : : : : : : : | |
| Defendants. | : | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

This matter comes before the Court on Defendants' Motion to Dismiss Amended Complaint [Doc. 18] and Plaintiffs' Motion for Leave to File an Amended Complaint [Doc. 21].  Having duly considered the matter, the Court hereby **GRANTS in part and DENIES in part** both Defendants' Motion to Dismiss the Amended Complaint [Doc. 18] and Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 20].  As explained below, Plaintiffs may not add Sergeant Smith as a Defendant in this action; thus, to that extent, Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' Motion to Amend

1

is DENIED. However, the remaining additions in the Amended Complaint will be allowed to stand, and to that extent Defendants' Motion to Dismiss is DENIED, and Plaintiffs' Motion to Amend is GRANTED.

## BACKGROUND

Plaintiffs filed their original Complaint in Bibb County Superior Court on November 14, 2011, asserting claims against the City of Macon; Jerry Modena, the Sheriff of Bibb County; Mike Burns, the Chief of Police for the City of Macon; T. Guidry, a police officer for the City of Macon; John Doe #1, a police officer for the City of Macon; and John Does #2-4, employees, agents, and/or deputies assigned to the jail. The amended Scheduling and Discovery Order set September 14, 2012, as the deadline for Plaintiffs to move to amend the Complaint. On that date, without obtaining Defendants' consent or the Court's permission, Plaintiffs filed an Amended Complaint. In their Amended Complaint, Plaintiffs identify John Doe #1 as Sergeant Smith, withdraw their claims against Sheriff Modena and John Does #2-4, clarify their failure to train and supervise claims against the City, and add a negligence claim. Plaintiffs bring claims against Sergeant Smith in his official capacity only. Plaintiffs do not assert any claims against Sergeant Smith in his individual capacity.

After Plaintiffs filed their Amended Complaint, Defendants filed the current Motion seeking to dismiss the Amended Complaint because it was filed without leave of court and without consent of Defendants, in violation of Rule 15 of the Federal Rule

of Civil Procedure. In the alternative, Defendants seek to dismiss Sergeant Smith as a Defendant. Plaintiffs responded, admitting and realizing their error in failing to seek Defendants' consent or the Court's permission to amend their Complaint. Thus, Plaintiffs filed the current Motion to Amend Complaint and seek to have the Amended Complaint stand as originally filed.

## DISCUSSION

Federal Rule of Civil Procedure 15(a) sets forth the procedures for amending pleadings and provides that a party may amend its pleading once as a matter of course within certain time constraints.[1] Where, as in this case, the time to amend as a matter of course has passed, a party may amend its pleading only by leave of court or by written consent of the opposing party.[2] Generally, when leave to amend is sought, "it shall be freely given when justice so requires."[3] However, factors such as undue delay, undue prejudice to defendants, and futility of the amendment are sufficient to justify denying a motion to amend.[4]

Clearly, amending the Complaint to assert claims against Sergeant Smith solely in his official capacity is futile. "When an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which an officer is an agent. . . . Such suits against municipal officers are therefore, in

---

[1] Fed. R. Civ. P. 15(a).
[2] *Id.*
[3] *Id.*
[4] *Foman v. Davis*, 371 U.S. 178, 182 (1952).

3

actuality, suits directly against the city that the officer represents."[5]  Court in this circuit routinely and overwhelmingly deem suits against both a local government official in his official capacity and the entity of which the officer is an agent to be redundant, and dismiss the official-capacity claims against the individual defendant on that basis.[6]  Plaintiffs clearly name Sergeant Smith as a Defendant solely in his official capacity.  Because Plaintiffs have also asserted the same claims against the City of Macon -- Smith's municipal employer -- Sergeant Smith is an unnecessary party to this action and clearly subject to dismissal as a redundant party.  Therefore, Plaintiffs' attempt to add him as a Defendant in this action is futile.

The remaining additions in Plaintiffs' Amended Complaint may remain.  Plaintiffs admit their error in failing to receive Defendants' consent or the Court's permission before filing the Amended Complaint and corrected their mistake by filing the Motion to Amend.  Moreover, the Court finds no undue prejudice to Defendants in allowing the remaining additions to stand.  Indeed, Defendants have recently filed a motion for summary judgment wherein they address the additional claims.

---

[5] *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citations and internal quotation marks omitted); *see also Penley v. Eslinger*, 605 F.3d 843, 854 (11th Cir. 2010) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent.").
[6] *See, e.g.*, *Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1302 n. 3 (11th Cir. 2005) (explaining that where plaintiff named county and county fire marshal in his official capacity as separate defendants, only the fire marshal's employer – the county – was proper party).

## CONCLUSION

As explained above, Defendants' Motion to Dismiss [Doc.18] and Plaintiffs' Motion for Leave to File First Amended Complaint [Doc. 20] are **GRANTED in part and DENIED in part**. Plaintiffs may not add Sergeant Smith as a Defendant in this action; thus, to that extent Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' Motion to Amend is DENIED. However, the remaining additions in the Amended Complaint will be allowed to stand, and to that extent Defendants' Motion to Dismiss is DENIED, and Plaintiffs' Motion to Amend is GRANTED.

SO ORDERED this 13th day of December, 2012.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

SSH